UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA             CRIMINAL ACTION

VERSUS                                      NO. 17-46

DARREKA BOYKINS                         SECTION "R" (4)


### ORDER AND REASONS

Defendant Derreka moves to reopen his detention hearing.[1] Because the circumstances presented here do not warrant release, the Court denies the motion.

Boykins was charged in a one-count indictment with conspiracy to distribute 100 grams or more of a mixture or substance containing heroin, a quantity of a mixture or substance containing cocaine, and a quantity of a mixture or substance containing methamphetamine.[2] On February 3, 2017, Magistrate Judge Roby issued an order of detention.[3] On October 25, 2017, Boykins pleaded guilty to Count One of the indictment.[4] The crime Boykins

---

[1] R. Doc. 95.
[2] R. Doc. 11.
[3] R. Doc. 6.
[4] R. Docs. 32 (minute entry), 34 (plea agreement).

pleaded guilty to is subject to a five-year statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B).

Boykins original presentence investigation report recommended 87 to 108 months' imprisonment.[5] Due in large part to defendant's numerous filings, his sentencing hearing has been postponed numerous times, and the PSR has been revised.[6] Boykins sentencing is currently set for June 24, 2020.[7] Boykins now seeks a hearing for reconsideration of his detention order, pending his sentencing next month.[8]

Because Boykins has already pleaded guilty, his motion is considered under 18 U.S.C. § 3143. That section states that a

> judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

18 U.S.C. § 3143(a)(1). This statute establishes a presumption against release pre-sentencing. *See United States v. Olis*, 450 F.3d 583, 387 (5th Cir. 2006).

---

[5]   R. Doc. 42.
[6]   *See* R. Docs. 53, 70.
[7]   *See* R. Doc. 94.
[8]   R. Doc. 95.

The burden of proving he will not flee or pose a danger to the safety of others or the community rests with the defendant. *See* Fed. R. Crim. P. 46(c).

Although the statute requires that that defendant make a showing that he will not flee or pose a danger to others or the community, *see* 18 U.S.C. § 3143(a)(1), Boykins's motion lacks any reference to this requirement. Nor does it contain any indication that he could make such a showing by clear and convincing evidence at a hearing. Indeed, such a showing would be difficult to make in light of defendant's lengthy criminal history.[9] Boykins motion therefore fails to indicate that he can meet basic requirements of the statute for pre-sentencing release.

Boykins instead emphasizes his general concern about the COVID-19 pandemic and seems to suggest this concern merits release. But defendant does not cite any particular health risks, and he admits there are no known cases at the relevant detention center.[10] Numerous courts have refused to reopen detention hearings pre-sentencing due to COVID-19 in similar circumstances, even where the defendant identified specific health concerns. *See, e.g.*, *United States v. Morris*, No. 17-107, 2020 WL 1471683, at *3 (D.

---

[9]     *See* R. Doc. 42 at 11-16 (PSR listing the crimes with which defendant has been charged). The Court notes that defendant's criminal history was amended by the third addendum to the presentence investigation report. *See* R. Doc. 70.

[10]    *See* R. Doc. 95 at 2 ¶ 4.

3

Minn. Mar. 26, 2020) (holding that the COVID-19 pandemic was not a sufficient reason to reopen the detention hearing of a sixty-six year-old defendant awaiting sentencing who suffered from diabetes, high blood pressure, kidney stones, and had surgery for an aneurysm); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020) (holding that the COVID-19 pandemic was not a sufficient reason to reopen the detention hearing of a defendant with asthma, high blood pressure, and diabetes). The Court recognizes the gravity of the COVID-19 pandemic and appreciates defendant's concerns. But where defendant does not meet the showing required by the statute for pre-sentencing release, the Court must deny defendant's motion.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __7th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE